# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Catherine Bonk**
**715 E. Tampa Avenue**
**Villas, NJ  08251-2816**

**Catherine Bonk Hunt**
**738 Duke Drive**
**Wenonah, NJ  08090-1018**

**John Bonk, Sr.**
**715 E. Tampa Avenue**
**Villa, NJ  08251-2816**

**Kevin Bonk**
**4733 Almond Street**
**Philadelphia, PA  19137**

**Thomas Bonk**
**23 Navy Drive**
**Delran, NJ  08075-1710**

**Lisa DiGiovanni**
**203 Massachusetts Avenue**
**Cherry Hill, NJ  08002-3133**

**Marion DiGiovanni**
**203 Massachusetts Avenue**
**Cherry Hill, NJ  08002-3133**

**Robert DiGiovanni**
**203 Massachusetts Avenue**
**Cherry Hill, NJ  08002-3133**

**Danielle DiGiovanni**
**203 Massachusetts Avenue**
**Cherry Hill, NJ  08002-3133**

**Sherry Lynn Fiedler**
**428 Ridge Road**

**Brownsville, PA  15417-9292**

**Robert Fluegel**
**7652 Gifford Street, Apt. 202**
**Norfolk, VA  23518**

**Thomas A. Fluegel**
**3909 Calico Road**
**Erie, PA  16506-4442**

**Marilou Fluegel**
**3909 Calico Drive**
**Erie, PA  16506-4442**

**Evans Hairston**
**5101 N. Camac Street**
**Philadelphia, PA  19141-2872**

**Felicia Hairston**
**5101 N. Camac Street**
**Philadelphia, PA  19141-2872**

**Julia Bell Hairston**
**5101 N. Camac Street**
**Philadelphia, PA  19141-2872**

**Henry Durban Hukill**
**7 Meadowbrook Lane**
**Elizabethtown, PA  17022-2238**

**Mark Andrew Hukill**
**4002 Estabrook Dr**
**Annandale, VA  22003-2411**

**Matthew Scott Hukill**
**20 Highgate Ct.**
**Greensboro, NC  27407-6138**

**Melissa Hukill**
**54 Millwood Dr.**
**Midddletown, DE  19709-9746**

**Meredith Ann Hukill**
**20828 Mintwood Ct.**
**Ashburn, VA  20147-4003**

**Mitchell Charles Hukill**
**534 Springton Way**
**Lancaster, PA  17601-1979**

**Monte Hukill**
**3207 Waterford Dr.**
**Jamestown, NC  27282-9072**

**Virginia Ellen Hukill**
**7 Meadowbrook Lane**
**Elizabethtown, PA  17022-2238**

**Storm Jones**
**545 Alleghany Street**
**Follansbee, WV  26037-1303**

**Penni Joyce**
**401 Comanche Drive**
**Lafayette, LA  70503-6517**

**Carl Kirkwood, Sr.**
**262 Rife Drive, Lot 14**
**New Castle, PA  16101-3135**

**Jeff Kirkwood**
**808 7th Street, North**
**St. Petersburg, FL  33710**

**Shirley Kirkwood**
**262 Rife Drive, Lot 14**
**New Castle, PA  16101-3135**

**Carl Arnold Kirkwood, Jr.,**
**262 Rife Drive, Lot 14**
**New Castle, PA  16101-3135**

**Patricia Kronenbitter**
**23 Navy Drive**
**Delran, NJ  08075-1710**

**Kris Laise**
**309 Marcella Lane**
**Cridersville, OH  45806-2218**

**Bill Laise**

**1013 Graham Place**
**Lima, OH  45805-1629**

**Betty Laise**
**1013 Graham Place**
**Lima, OH  45805-1629-1629**

**James Macroglou**
**10701 E. Bridgeford Dr.**
**Cary, NC  27511**

**Lorraine Macroglou**
**7 Nickum Drive**
**Aliquippa, PA  15001-1665**

**Bill Macroglou**
**7 Nickum Drive**
**Aliquippa, PA  15001-1665**

**Kathy McDonald**
**P.O. Box 401**
**Marienville, PA  16239-0401**

**Edward W. McDonough**
**2043 North Harrison Street**
**Wilmington, NC  28401-6919**

**Sean McDonough**
**219 Brule Guillot Road**
**Thibodaux, LA  70301-6391**

**Edward Joseph McDonough**
**406 Arabella Street**
**Pittsburgh, PA  15210-1402**

**Rose Rotondo(Estate of)**

**Luis Rotondo(Estate of)**

**Phyllis Santoserre(Estate of)**

**Deborah Spencer Rhosto**
**9149 Gary Drive**
**Den Ham Springs, LA  70726-2773**

**Robert Simpson**
**545 Center Street**
**Clarksville, PA  15322**

**Renee Eileen Simpson**
**358 Buckingham Road**
**Fredericktown, PA  15333-2303**

**Larry H. Simpson, Sr.**
**69 Buckingham Road**
**Fredericktown, PA  15333-2303**

**Anna Marie Simpson**
**69 Buckingham Road**
**Fredericktown, PA  15333-2303**

**Sally Jo Wirick**
**3080 Texas Avenue**
**Pittsburgh, PA  15216-2439**

                    **Plaintiffs**


        **v.**                                    **Civil No. 1:01-cv-2094**
                                                 **Judge Royce C. Lamberth**


**THE ISLAMIC REPUBLIC OF IRAN**
**Ministry of Foreign Affairs**
**Khomeini Avenue**
**United Nations Street**
**Tehran, Iran**
        **and**
**THE IRANIAN MINISTRY**
**OF INFORMATION AND SECURITY**
**Pasdaran Avenue**
**Golestan Yekom**
**Tehran, Iran**
                **Defendants**

# <u>COMPLAINT</u>

(1) This action is brought by the Plaintiffs, Catherine Bonk Hunt, et al., by counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for the benefit and on behalf of all those legally entitled to assert a claim under the District of Columbia Wrongful Death Act, the District of Columbia Survival Act and the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.), as amended by §1083 of the Defense Appropriations Act of 2008, H.R. 4986, Public Law 110-181. This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605A. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605A. Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) Section 1083 of Public Law 110-181, signed by President Bush on January 28, 2008, amended the Foreign Sovereign Immunities Act, (28 U.S.C. § 1602, et seq.) extending the statute of limitations for the Plaintiffs to a date 60 days after entry of judgment in an "action arising out of the same act or incident.." which was "timely commenced under section 1605(a)(7)[1]." There are presently pending before this Court the following actions arising out of the same act or incident which were timely filed pursuant to : (1) Valore v. Iran, Civil Action #03-1959; (2) Bland v.Iran, Civil Action #05-2124

---

[1] **Referring to 28 U.S.C. §1605(a)(7).**

and (3) <u>Davis</u> v. <u>Iran</u>, Civil Action #07-1302. Establishment of a separate, Federal cause of action is provided in 28 U.S.C. §1605A(c).

(3) The Plaintiffs in this action consist entirely of members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and the heirs at law and legatees of such persons, who suffered physical or emotional injuries or died as a result of injuries inflicted in the terrorist attack upon the United States Marine Corps, Battalion 1/8, Headquarters Building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Marine Corps were assigned to the 24th Marine Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Marine Amphibious Unit, either on a regular assigned basis or temporarily on the date of the occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referred to, but also to all persons now deceased whose estates are beneficiaries entitled to compensation and/or punitive damages in accordance with any statute of the United States, the District of Columbia, or their state of residence or domicile at the time of death, including 28 United States Code Section 1602 through 1611, District of Columbia Code, Title 16, Section 16-2701 or District of Columbia Code, Title 12, Section 12-301.

(4)The Defendant, The Islamic Republic of Iran, is a foreign state which was as a result of the acts hereinafter complained of, and is to the present, designated as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(5)The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, and a part of that Government, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, through the actions of their agents and employees and by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah".

(6)Hezbollah[2] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by these Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah

was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(7)The mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[3] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

(8)Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas enhanced explosive device with an explosive force equal to 22,000 pounds of explosives. This was in turn mounted in a large truck of a type used to transport beverage supplies to hotels, restaurants, stores and, in this case, airport terminal facilities. It had been determined by Iranian military engineers/terrorist experts

---

[2] **The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".**
[3] **Statement of General Paul X. Kelly, Commandant, United States Marine Corps.**

to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which the Iranian military engineers/terrorist experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(9) The actions of the agents of the Defendants as above set forth constituted acts torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(10) The formation of Hezbullah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and as the Iranian Ambassador to Syria. The above referred to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

## COUNT I

**Catherine Bonk, Catherine Bonk Hunt,
John Bonk, Kevin Bonk, Patricia
Kronenbitter and Thomas Bonk,
SOLATIUM CLAIM PURSUANT TO
28 U.S.C. §1605A FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS**

(11) Plaintiffs, Catherine Bonk, Catherine Bonk Hunt, John Bonk, Kevin Bonk, Patricia Kronenbitter and Thomas Bonk, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(12) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiffs, Catherine Bonk, Catherine Bonk, Catherine Bonk Hunt, John Bonk, Kevin Bonk, Patricia Kronenbitter and Thomas Bonk, members of the family of Decedent, John Bonk, Jr., who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of John Bonk, Jr., which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. Plaintiffs, Catherine Bonk, Catherine Bonk, Catherine Bonk Hunt, John Bonk, Kevin Bonk, Patricia Kronenbitter and Thomas Bonk, have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Catherine Bonk, Catherine Bonk, Catherine Bonk Hunt, John Bonk, Kevin Bonk, Patricia Kronenbitter and Thomas Bonk, each, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT II**

**Lisa DiGiovanni, Marion DiGiovanni,**
**Robert DiGiovanni, Rose Rotondo**
**Luis Rotondo, Phyllis Santoserre and Danielle DiGiovanni**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A FOR INTENTIONAL**
**INFLICTION OF EMOTIONAL DISTRESS**

(13) Plaintiffs, Lisa DiGiovanni, Marion DiGiovanni,Robert DiGiovanni, Rose

Rotondo(Estate of), Luis Rotondo(Estate of), Phyllis Santoserre(Estate of) and Danielle

DiGiovanni repeat and re-allege each and every allegation set forth above with like effect

as if alleged herein.

(14) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, Plaintiffs, Lisa

DiGiovanni, Marion DiGiovanni, Robert DiGiovanni, Rose Rotondo, Luis Rotondo,

Phyllis Santoserre  and Danielle DiGiovanni, members of the family of Decedent, Louis

Rotondo, who suffered fatal injuries in the attack at the Marine Barracks on October 23,

1983, have suffered extraordinary grief and mental anguish through infliction of physical

injury resulting in the death of Louis Rotondo, which was so extreme and outrageous as

to exceed all possible bounds of decency and must be regarded as atrocious and utterly

intolerable in a civilized community. Plaintiffs, Lisa DiGiovanni, Marion DiGiovanni,

Robert DiGiovanni, Rose Rotondo(Estate of), Luis Rotondo(Estate of), Phyllis

Santoserre(Estate of) and Danielle DiGiovanni, have each thereby suffered damages in

the amount of ten million dollars.

WHEREFORE, Plaintiffs, Lisa DiGiovanni, Marion DiGiovanni,Robert

DiGiovanni, Rose Rotondo(Estate of), Luis Rotondo(Estateof), Phyllis Santoserre(Estate

of) and Danielle DiGiovanni, each, demand judgment against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and

severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT III**
**Robert Fluegel, Thomas A. Fluegel,**
**Penni Joyce Fluegel and Marilou Fluegel**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A FOR INTENTIONAL**
**INFLICTION OF EMOTIONAL DISTRESS**

(15) Plaintiffs, Robert Fluegel, Thomas A. Fluegel, Penni Joyce Fluegel and Marilou Fluegel, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(16) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiffs, Robert Fluegel, Thomas A. Fluegel, Penni Joyce Fluegel and Marilou Fluegel, members of the family of Decedent, Richard A. Fluegel, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of Richard Fluegel, which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. Plaintiffs, Robert Fluegel, Thomas A. Fluegel, Penni Joyce Fluegel and Marilou Fluegel have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs**,** Robert Fluegel, Thomas A. Fluegel, Penni Joyce Fluegel and Marilou Fluegel, each, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT IV**
**Evans Hairston, Felicia Hairston and Julia Bell Hairston**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A FOR INTENTIONAL**
**INFLICTION OF EMOTIONAL DISTRESS**

(17) Plaintiffs, Evans Hairston, Felicia Hairston and Julia Bell Hairston, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(18) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiffs, Evans Hairston, Felicia Hairston and Julia Bell Hairston, members of the family of Decedent, Thomas Hairston, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of Thomas Hairston, which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. Plaintiffs, Evans Hairston, Felicia Hairston and Julia Bell Hairston, have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Evans Hairston, Felicia Hairston and Julia Bell Hairston, each, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT V**
**Henry Durban Hukill, Mark Andrew Hukill**
**Matthew Scott Hukill, Melissa Hukill, Meredith Ann Hukill**
**Mitchell Charles Hukill, Monte Hukill and and Virginia Ellen Hukill**
**SOLATIUM CLAIM PURSUANT TO**

### 28 U.S.C. §1605A FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

(19) Plaintiffs, Henry Durban Hukill, Mark Andrew Hukill, Matthew Scott Hukill, Melissa Hukill, Meredith Ann Hukill, Mitchell Charles Hukill, Monte Hukill and Virginia Ellen Hukill, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(20) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiffs, Henry Durban Hukill, Mark Andrew Hukill, Matthew Scott Hukill, Melissa Hukill, Meredith Ann Hukill, Mitchell Charles Hukill, Monte Hukill and Virginia Ellen Hukill, members of the family of Decedent, Maurice Hukill, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of Maurice Hukill, which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. Plaintiffs, Henry Durban Hukill, Mark Andrew Hukill, Matthew Scott Hukill, Melissa Hukill, Meredith Ann Hukill, Mitchell Charles Hukill, Monte Hukill and Virginia Ellen Hukill, have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Henry Durban Hukill, Mark Andrew Hukill, Matthew Scott Hukill, Melissa Hukill, Meredith Ann Hukill, Mitchell Charles Hukill, Monte Hukill and Virginia Ellen Hukill, each, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT VI
### Kris Laise, Bill Laise, and Betty Laise
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

(21) Plaintiffs, Kris Laise, Bill Laise, and Betty Laise, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(22) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiffs, Kris Laise, Bill Laise and Betty Laise, members of the family of Decedent, Keith Laise, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of Keith Laise, which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. Plaintiffs, Kris Laise, Bill Laise and Betty Laise, have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Kris Laise, Bill Laise and Betty Laise, each, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT VII
### James Macroglou, Lorraine Macroglou and Bill Macroglou
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

(23) Plaintiffs, James Macroglou, Lorraine Macroglou and Bill Macroglou, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(24) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiffs, James Macroglou, Lorraine Macroglou and Bill Macroglou, members of the family of Decedent, John Macroglou, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of John Macroglou, which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. Plaintiffs, James Macroglou, Lorraine Macroglou and Bill Macroglou, have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, James Macroglou, Lorraine Macroglou and Bill Macroglou, each, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT VIII**
**Carl Kirkwood, Sr., Jeff Kirkwood, Shirley Kirkwood,**
**Carl Arnold Kirkwood, Jr., Storm Jones, Kathy McDonald,**
**Edward W. McDonough, Sean McDonough**
**Edward Joseph McDonough and Sally Jo Wirick**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A FOR INTENTIONAL**

## INFLICTION OF EMOTIONAL DISTRESS

(25) Plaintiffs, Carl Kirkwood, Sr., Jeff Kirkwood, Shirley Kirkwood, Carl Arnold Kirkwood, Jr., Storm Jones, Kathy McDonald, Edward W. McDonough, Sean McDonough, Edward Joseph McDonough and Sally Jo Wirick, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(26) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiffs, Carl Kirkwood, Sr., Jeff Kirkwood, Shirley Kirkwood, Carl Arnold Kirkwood, Jr., Storm Jones, Kathy McDonald, Edward W. McDonough, Sean McDonough, Edward Joseph McDonough and Sally Jo Wirick,, members of the family of Decedent, James McDonough, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of James McDonough, which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. Plaintiffs, Carl Kirkwood, Sr., Jeff Kirkwood, Shirley Kirkwood, Carl Arnold Kirkwood, Jr., Storm Jones, Kathy McDonald, Edward W. McDonough, Sean McDonough, Edward Joseph McDonough and Sally Jo Wirick, have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Carl Kirkwood, Sr., Jeff Kirkwood, Shirley Kirkwood, Carl Arnold Kirkwood, Jr., Storm Jones, Kathy McDonald, Edward W. McDonough, Sean McDonough, Edward Joseph McDonough and Sally Jo Wirick, each, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of TWENTY MILLION

DOLLARS ($20,000,000.00), besides costs.

**COUNT IX**
**Robert Simpson, Renee Eileen Simpson,  Larry H. Simpson, Sr.,**
**Sherry Lynn Fiedler, and Anna Marie Simpson**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A FOR INTENTIONAL**
**INFLICTION OF EMOTIONAL DISTRESS**

(27) Plaintiffs, Robert Simpson, Renee Eileen Simpson, Larry H. Simpson, Sr.,

Sherry Lynn Fiedler, and Anna Marie Simpson, repeat and re-allege each and every

allegation set forth above with like effect as if alleged herein.

(28) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, Plaintiffs, Robert

Simpson, Renee Eileen Simpson, Larry H. Simpson, Sr., Sherry Lynn Fiedler, and Anna

Marie Simpson, members of the family of Decedent, Larry H. Simpson, Jr., who suffered

fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered

extraordinary grief and mental anguish through infliction of physical injury resulting in

the death of Larry H. Simpson, Jr., which was so extreme and outrageous as to exceed all

possible bounds of decency and must be regarded as atrocious and utterly intolerable in a

civilized community. Plaintiffs, Robert Simpson, Renee Eileen Simpson, Larry H.

Simpson, Sr., Sherry Lynn Fiedler, and Anna Marie Simpson, have each thereby suffered

damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Robert Simpson, Renee Eileen Simpson, Larry H.

Simpson, Sr., Sherry Lynn Fiedler, and Anna Marie Simpson, each, demand judgment

against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of

Information and Security, jointly and severally, in the amount of TWENTY MILLION

DOLLARS ($20,000,000.00), besides costs.

## COUNT X
### Deborah Spencer Rhosto
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

(27) Plaintiff, Deborah Spencer Rhosto, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(28) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Deborah

Spencer Rhosto, a member of the family of Decedent, Stephen E. Spencer., who suffered

fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered

extraordinary grief and mental anguish through infliction of physical injury resulting in

the death of Stephen E. Spencer, which was so extreme and outrageous as to exceed all

possible bounds of decency and must be regarded as atrocious and utterly intolerable in a

civilized community. Plaintiff Deborah Spencer Rhosto, has thereby suffered damages in

the amount of twenty million dollars.

WHEREFORE, Plaintiff, Deborah Spencer Rhosto, demands judgment against

the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, jointly and severally, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00), besides costs.

Date: March 25, 2008                          Respectfully submitted,

PERLES LAW FIRM                               FAY LAW, PA

*Steven R. Perles*                            *Thomas Fortune Fay*
STEVEN R. PERLES                              THOMAS FORTUNE FAY
Unified Bar No. 326975                        Unified Bar No. 23929
1615 New Hampshire Avenue, NW                 601 Pennsylvania Avenue, NW
Washington, DC 20009                          #900Washington, DC 20004
(202) 745-1300                                Washington, DC 20004

(202)589-1300

***Caragh Glenn Fay***
**Caragh Glenn Fay**
**U.S.D.C.D.C. Bar No. 16955**
**601 Pennsylvania Avenue, NW**
**#900 - South Building**
**Washington, D.C.  20004**
**(202) 589-1300**

**Attorneys for Plaintiffs**

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Catherine Bonk, et al | The Islamic Republic of Iran, et al. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | Cape May, NJ | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   n/a (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|---|

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas Fortune Fay, Esq.
Caragh Glenn Fay, Esq.
601 Pennsylvania Ave.,NW,Washington, DC 20001
202-589-1300

Case: 1:08-cv-01273
Assigned To : Lamberth, Royce C.
Assign. Date : 7/24/2008
Description: PI/Malpractice

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

O 1. U.S. Government Plaintiff

⊙ 3 Federal Question (U.S. Government Not a Party)

O 2 U.S. Government Defendant

O 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | ⊙ 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | ⊙ 6 |

---

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

O **A.** *Antitrust*

☐ 410 Antitrust

⊙ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
⊗ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

O **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

O **E.** *General Civil (Other)*      **OR**      O **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Personal injury from terrorist act. 28 U.S.C. section 1605A.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** 1,000,000,000.00 <br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 7/24/2008    SIGNATURE OF ATTORNEY OF RECORD  *Thomas Fortune Day*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.